**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3354
_____

UNITED STATES OF AMERICA

v.

BEN MCCORMACK,
                                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4:16-cr-00173-001)
District Judge: Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 18, 2022
_____

Before: GREENAWAY, JR., MATEY, and ROTH, *Circuit Judges*.

(Filed: February 8, 2023)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

The District Court did not abuse its discretion in considering Ben McCormack's statements to law enforcement at resentencing. Nor did it err in ordering restitution, but because the proper amount was never established, we remand for further proceedings to determine the restitution owed.

**I.**

McCormack burglarized three federal firearms licensees, stealing ninety-eight guns that he later distributed. He pleaded guilty to one count of conspiracy, 18 U.S.C. § 371, to steal firearms from a Federal Firearms Licensee ("FFL"), and to Possess and Receive Stolen Firearms Shipped in Interstate Commerce, 18 U.S.C. § 922(j), (u); and one count of Theft of Firearms from an FFL, 18 U.S.C. § 922(u). At sentencing, McCormack objected to a sentencing enhancement for trafficking firearms, U.S. Sentencing Guideline § 2K2.1(b)(5), arguing the Government did not show he "knew or had reason to believe" the guns would wind up in the hands of persons prohibited from lawful possession, U.S.S.G. § 2K2.1 cmt. 13(A)(ii). The District Court applied the enhancement and, finding a procedural problem, we remanded for resentencing.[1]

Upon remand, the District Court allowed the Government to supplement the record. Information, the court concluded, whose substance already existed in the

---

[1] The District Court pointed to "the quantity of stolen firearms sold, multiple sales to the same individual, and that this individual has been known to engage in drug trafficking." App. 102. But the court relied on U.S.S.G. 2K2.1(b)(6)(B). Unclear of the District Court's reasoning, we vacated McCormack's sentence and remanded for clarification.

investigative report and the interview summaries. Information that McCormack already knew and had a chance to contest. For those reasons, the court accepted the new reports and referenced their facts in discussing the sentencing enhancement's applicability. In doing so, the District Court found McCormack "knew that one individual to whom he sold firearms was a drug trafficker, and that another individual would trade a firearm to a drug trafficker in exchange for drugs." App. 214. The court concluded that such knowledge warranted an enhancement under § 2K2.1(b)(5).

The District Court also imposed restitution to the two stores totaling $69,938.75, an amount based on the retail value of the stolen firearms. The court recognized that this figure would need to be modified to account for insurance payments and any guns returned, and allowed the parties to file additional submissions refining the restitution amount. McCormack objected to that proposal and now appeals both his sentence and the restitution order. We will affirm his sentence, and remand for further proceedings to determine the restitution owed.[2]

## II.

McCormack argues the District Court erred in reopening the record and improperly ordered restitution at the resentencing without an evidentiary hearing. We review the former for abuse of discretion. *United States v. Smith*, 751 F.3d 107, 114 (3d Cir. 2014). We review the latter, "under a bifurcated standard: plenary review as to whether restitution is permitted by law, and abuse of discretion as to the appropriateness

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

of the particular award." *United States v. Quillen*, 335 F.3d 219, 221 (3d Cir. 2003) (internal quotations and citations omitted). While we see no error in reopening the record, and agree restitution is warranted, we will remand for an evidentiary hearing to determine the amount.

The District Court did not exceed the scope of our mandate by clarifying its Guideline analysis. Appropriately, the District Court expanded its initial analysis with a broader discussion of McCormack's actions and admissions. Nothing in our Order precluded the District Court's discretionary decision to ground McCormack's sentence with relevant facts.

Nor did McCormack suffer any prejudice. *Smith*, 751 F.3d at 114 ("[T]he paramount factor for a district court to consider is whether reopening, if permitted, would prejudice the party opposing it."). The full record already available to the District Court summarized McCormack's admissions to law enforcement. Considering the supplemented record with the entire post-arrest interview statements (which were provided to McCormack in pretrial discovery), merely reiterated the District Court's original findings that McCormack "sold a large quantity of stolen firearms, made multiple sales to the same individual, and knew that one individual to whom he sold the firearms was a drug trafficker." App. 235.

McCormack was arrested by ATF Special Agents on June 21, 2016, waived his Miranda rights, and made several admissions to investigators. McCormack and the Government reached a plea agreement in November 2017. The plain language of the plea

4

agreement sets aside any self-incriminating information made before the creation of the document. So the District Court properly considered the supplemented record.

## III.

In the plea agreement, McCormack agreed to pay full restitution under the 1996 Mandatory Victims Restitution Act ("MVRA"). At the resentencing hearing upon remand, the District Court imposed restitution of $69,938.75 based on the total value of the guns stolen, subject to modification to account for guns returned to their owners.

McCormack is required to pay no more than the "actual losses suffered by the victims of the defendant's criminal conduct." *United States v. Quillen*, 335 F.3d 219, 222 (3d Cir. 2003). That includes a credit for "any part of the property that is returned." 18 USCA § 3663A(b)(1). Here there was evidence of recovered guns, and the Government should have provided the corrected amount before resentencing. But the District Court was within its authority in imposing a modifiable figure after remand. As the Supreme Court has held, "[t]he fact that a sentencing court misses the [MVRA]'s 90-day deadline, even through its own fault or that of the Government, does not deprive the court of the power to order restitution." *Dolan v. United States*, 560 U.S. 605, 611 (2010). So we remand to the District Court to conduct an evidentiary hearing to determine the amount of restitution.

## IV.

For these reasons, we will affirm the judgment of sentence, and remand to the District Court to conduct an evidentiary hearing.